IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF
DAKOTAH DEDIOS, DECEASED; and
RICHALINE DEDIOS,

      Plaintiffs,

v.

Case No. 19-933

INTERNATIONAL PLAYTHINGS LLC;
EPOCH COMPANY, LTD., EPOCH
EVERLASTING PLAY, LLC, WALMART,
INC., and MARIE SHORT,

      Defendants.

## NOTICE OF REMOVAL

COMES NOW Defendant Epoch Everlasting Play, LLC ("Defendant Epoch"), by and through its counsel, Lewis Brisbois Bisgaard & Smith LLP (Gregory L. Biehler), and pursuant to the provisions of 28 U.S.C. §1441, and on the theory of fraudulent joinder, hereby removes Cause Number D-101-CV-2019-02217, filed in the First Judicial District Court, Santa Fe County, State of New Mexico. As grounds for removal, Defendant Epoch states the following:

### I. INTRODUCTION AND BACKGROUND

1. On August 16, 2019, Plaintiffs filed their Complaint alleging wrongful death, loss of consortium, personal injury, and punitive damages.

2. Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is timely as Defendant Epoch was served with the Complaint on September 3, 2019.

### II. DIVERSITY OF CITIZENSHIP JURISDICTION AND FRAUDULENT JOINDER

3. Pursuant to 28 U.S.C. § 1332, this action is removable as the amount in controversy exceeds

seventy-five thousand dollars ($75,000) as Plaintiffs allege damages for wrongful death, and because the true parties in interest are diverse.

**Complete Diversity of Citizenship Exists Between the Properly-Joined Parties**

4. Defendant International Playthings LLC is incorporated in the state of New Jersey. Defendant Epoch Company, LTD is alleged to be incorporated in the state of New Jersey. Defendant Epoch Everlasting Play, LLC is incorporated in the state of New Jersey. Defendant Wal-Mart, Inc. is a foreign profit corporation registered to do business in New Mexico, incorporated in Delaware and having its headquarters in Arkansas.

5. Defendant Marie Short, an individual and resident of Rio Rancho, New Mexico, and the store manager at the Wal-Mart store where the alleged incident occurred, was named in this lawsuit for the sole purpose of destroying complete diversity and to prevent removal. This fraudulent joinder also abrogates application of the forum defendant rule.

6. Fraudulent joinder exists where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006).

7. "So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Chesapeake & Ohio Railroad Co. v. Cockrell*, 232 U.S. 146, 152 (1914). Since "bad faith" can be any "intentional conduct to deny the defendant the chance to remove," *Hiser v. Seay*, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5,

2014), it can be (and has been) argued that fraudulent joinder (given the "no real intention" standard) is now also a subset of "bad faith" under §1446(c)(1). In support of this notice, EEP attaches the affidavit of Ms. Short affirming that she had no personal involvement in the sale of the product at issue and no involvement in the marketing of the product. See Exhibit A attached hereto, Declaration of Ms. Short. The determination of whether a resident defendant has been fraudulently joined is based on the Plaintiff's pleadings and the affidavits submitted by the parties. *Accordino v. Wal-Mart Stores E., LP*, 2005 U.S. Lexis 34328 (US DC MD Fla 2005). The Declaration of Ms. Short supports removal of this case to federal court, as Ms. Short's sworn declaration makes clear that she had no role in any issue related to Wal-Mart's sale of Calico Critters toy at issue in this lawsuit. *See id*. Ms. Short also had no role in the design, manufacture, distribution, or sale of the toy. *Id.* And, Ms. Short had no knowledge of any alleged defect with the toy nor did she have any reason to believe that there may have been a defect in the toy. *Id.* Because Ms. Short had no role in any issue related to the sale of Calico Critters toys and had no knowledge of any alleged defect, there is no legitimate basis for Plaintiffs' decision to add her as a defendant in this case. An individual store manager has no duty to inspect products to ensure that they meet state or federal safety guidelines, and Ms. Short thus could not have breached any duty to Plaintiffs. *See generally* UJI 13-1414 NMRA (providing that "[a] supplier[1] who did not make a product and has not permitted it to be sold as the supplier's own is ordinarily under no obligation to inspect it for conditions which expose users to risk of injury. However, a supplier who has knowledge which would lead a reasonably prudent person to undertake an inspection of the product before selling it is charged with knowledge of that which a reasonable inspection would disclose"). Plaintiffs' addition of Ms. Short was thus clearly intended solely to defeat diversity, not to assert some viable claim that might exist against her as an individual. Plaintiff has in fact conceded that Wal-Mart is vicariously liable for

---

[1] Ms. Short, a manager of a store, is not a supplier. But even if she was, she had no duty under New Mexico law to inspect the Calico Critters toy.

the acts and omissions of its employees, and has thus implicitly conceded that there is no purpose in naming an individual employee as an additional defendant. *See* Complaint at ¶ 8; *and see Ford v. NM Dept. of Public Safety*, 1994-NMCA-154, ¶9-10 (adopting Section 51 of the Restatement of Judgment's and quoting with approval committee commentary providing that when vicarious liability is at issue, "[i]n an important sense, there is only a single claim. The same loss is usually involved, usually the same measure of damages, and the same or nearly identical issues of fact and law."). Since Wal-Mart is vicariously liable for any act or omission of Ms. Short, there can be but a single claim against Wal-Mart even if Ms. Short had engaged in some act or omission. Ms. Short's addition to this case was thus a fraudulent joinder.

8. Under the fraudulent joinder doctrine, the citizenship of a person against whom the plaintiff has no genuine claim-a person whom the plaintiff has joined in what in effect is bad faith-can be ***ignored***. *Taylor v. King*, 2012 WL 3257528, at *4 (W.D. Ky. Aug. 8, 2012) (quoting and following Comments to 28 U.S.C.A. § 1446) (emphasis added).

9. All Co-Defendants have consented to removal of this matter.

10. Attached hereto as Exhibit B are the pleadings filed to date in the state court action:

   Complaint, filed August 16, 2019;
   Jury Demand, filed August 16, 2019;
   Summons Return – Marie Short, filed August 22, 2019;
   Notice of Filing of Affidavit for Non-Admitted Lawyer, filed August 22, 2019;
   Notice of Filing of Affidavit for Non-Admitted Lawyer, filed August 22, 2019;
   Summons Return – International Playthings LLC, filed September 3, 2019;
   Summons Return – Epoch Everlasting Play LLC, filed September 3, 2019;
   Summons Return – Epoch Company LTD, filed September 3, 2019; and
   Defendant Marie Short's Answer to Complaint, filed September 30, 2019.

WHEREFORE, Defendant Epoch Everlasting Play LLC prays that the above-entitled action be removed from the State of New Mexico First Judicial District Court to this Court.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Gregory L. Biehler*
    Gregory L. Biehler
    Attorneys for Defendant Epoch Everlasting Play LLC
    8801 Horizon Blvd. NE, Suite 300
    Albuquerque, NM  87113
    Tel:  (505) 828-3600 / Fax: (505) 828-3900
    Greg.Biehler@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was electronically filed with the court this 3rd day of October, 2019, causing all counsel of record to be electronically served.

*/s/ Gregory L. Biehler*
GREGORY L. BIEHLER