FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2019 2:10 PM
STEPHEN T. PACHECO
CLERK OF THE COURT
Tamara Snee

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

No. D-101-CV-2019-02217

Case assigned to Ortiz, Raymond Z.

| | |
|---|---|
| **D. MARIA SCHMIDT, AS PERSONAL** | § |
| **REPRESENTATIVE FOR THE ESTATE OF** | § |
| **DAKOTAH DEDIOS, DECEASED; and** | § |
| **RICHALINE DEDIOS;** | § |
| | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| **vs.** | § |
| | § |
| **INTERNATIONAL PLAYTHINGS LLC;** | § |
| **EPOCH COMPANY, LTD., EPOCH** | § |
| **EVERLASTING PLAY, LLC,** | § |
| **WALMART, INC., and** | § |
| **MARIE SHORT,** | § |
| | § |
| **Defendants.** | § |

## PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH,
## LOSS OF CONSORTIUM, PERSONAL INJURY, AND PUNITIVE DAMAGES

COME NOW Plaintiffs D. Maria Schmidt, as Personal Representative for the Estate of

Dakotah Dedios, deceased, and Richaline Dedios (through their attorneys, Martin Walker, P.C.

and Durham, Pittard & Spalding, L.L.P.) and state the following as their original Complaint for

Wrongful Death, Loss of Consortium, Personal Injury, and Punitive Damages:

## I.    PARTIES

1.     Plaintiff D. Maria Schmidt, as Personal Representative for the Estate of Dakotah

Dedios, deceased, is an attorney licensed in the State of New Mexico who resides in Santa Fe

County, New Mexico.  Plaintiff D. Maria Schmidt, as Personal Representative for Estate of

Dakotah Dedios, deceased, was appointed in such capacity by the First Judicial District Court,

County of Santa Fe, State of New Mexico, in cause number D-101-cv-2019-00100 on January 15,

2019.

SECRETARY OF STATE
SEP 3 '19 AM 11:02

2.      Plaintiff RICHALINE DEDIOS is an individual and citizen of the State of New Mexico, and resides in Jicarilla, New Mexico.  Richaline Dedios is the surviving mother of Dakotah Dedios, deceased.

3.      Defendant International Playthings LLC ("International") is a New Jersey limited liability company, having its principal office at 75D Lackawanna Avenue, Parsippany, New Jersey 07054 (hereinafter "International Playthings"), and is duly organized and existing pursuant to law. International Playthings LLC has transacted business in the State of New Mexico at all times relevant hereto, but has failed to designate an agent for service of process.  Pursuant to New Mexico Statute Annotated, Section 38-1-6, service of process may be obtained by serving the New Mexico Secretary of State with two copies of the process in this cause.  The New Mexico Secretary of State will then complete service by serving International Playthings LLC's registered agent for service, The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, NJ 08628.

4.      Defendant Epoch Company, Ltd. ("Epoch"), is a New Jersey limited liability company, having its principal office at 75D Lackawanna Avenue, Parsippany, New Jersey 07054, and is duly organized and existing pursuant to law.  Epoch has transacted business in the State of New Mexico at all times relevant hereto, but has failed to designate an agent for service of process. Pursuant to New Mexico Statute Annotated, Section 38-1-6, service of process may be obtained by serving the New Mexico Secretary of State with two copies of the process in this cause.  The New Mexico Secretary of State will then complete service by serving Epoch's registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19809.

5.      Defendant Epoch Everlasting Play, LLC ("Epoch Everlasting") is a Delaware limited liability company, having its principal office at 75D Lackawanna Avenue, Parsippany, New Jersey 07054, and is duly organized and existing pursuant to law.  Epoch Everlasting has

transacted business in the State of New Mexico at all times relevant hereto, but has failed to designate an agent for service of process. Pursuant to New Mexico Statute Annotated, Section 38-1-6, service of process may be obtained by serving the New Mexico Secretary of State with two copies of the process in this cause. The New Mexico Secretary of State will then complete service by serving Epoch Everlasting's registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19809.

6. Defendant Walmart, Inc. ("Walmart") is a foreign profit corporation registered to do business in New Mexico. It may be served by serving its registered agent in New Mexico, Corporation Process Company, 726 E. Michigan, Suite 330, Hobbs, New Mexico, 88240.

7. Defendant, Marie Short, is an individual and citizen of the State of New Mexico, and resides in Rio Rancho, New Mexico. Defendant Marie Short may be served at her residence, 560 Atlantic Rd SE, Rio Rancho, NM 87124-3363.

8. All corporate and LLC defendants acted by and through their agents, partners, officers and employees and are responsible for their acts or omissions through the doctrines of *respondeat superior* or agency.

## II. JURISDICTION, VENUE AND JOINDER

9. Jurisdiction over the parties and the subject matter herein is proper with this Court pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, NMSA 1978, §38-1-16.

10. Venue is proper in this Court pursuant to NMSA 1978, §38-3-1(A) because Plaintiff D. Maria Schmidt is a resident of Santa Fe County, State of New Mexico.

11. Joinder of Plaintiffs' claims against Defendants in this action is proper under Rule 1-020, because Plaintiffs' claims: (1) arise out of the same transaction, occurrence, or series of

transactions or occurrences; and (2) questions of law and fact common to all Defendants will arise in this action.

12.     This Court has personal jurisdiction over defendants because each transacts and solicits substantial business in the State of New Mexico and within this judicial district, and has at all relevant times purposefully, systematically and continuously directed contacts to and conducted business in New Mexico which have given rise to the acts and harms sustained by plaintiffs within this judicial district, as discussed more fully below. Specifically, Defendant Marie Short is a New Mexico resident subject to jurisdiction of the New Mexico Courts. Defendant Walmart consented to jurisdiction in New Mexico's courts through its corporate registration pursuant to New Mexico law. In addition, this Court has specific jurisdiction over Defendants Walmart, International, Epoch, and Epoch Everlasting based on Defendants' contacts with and conduct directed toward New Mexico and through the stream of commerce including, upon information and belief, its marketing and distribution of products in New Mexico, its warranties covering products in New Mexico, and Defendants' income derived from sales by Defendants in New Mexico. Based on this conduct, Defendants purposefully directed their activities toward New Mexico and Plaintiffs' claims arise out of this conduct which led to Plaintiffs' injuries and damages set forth herein.

## III.     FACTUAL BACKGROUND

**Calico Critters**

13.     The Defendants develop, manufacture, market and sell a line of toys under the name "Calico Critters". According to the Defendants' website: "The Calico Critters is a line of miniature animal figures, with homes, furniture and accessories. The animal figures are unique because they are made of a special flocked material that gives them an endearing quality. They were introduced in Japan in 1985 and are distributed worldwide. Calico Critters are sold as families, with Mothers, Fathers, sisters brothers and babies…. The Calico Critters live in the community of Calico

Village.... Their homes, furniture and accessories have lots of functioning parts and real-life detail."

14.     The particular Calico Critters line of products involved in this lawsuit are marketed and sold as the Calico Critters Labrador Twins, flocked animal figures that are toys for children. The Defendants market and sell these products all over the United States, including New Mexico.

15.     The Yellow Labrador Twins, pictured below, are equipped with two small, loose accessories. The first is a small baby bottle. The second is a small plastic removable pacifier. The pacifier measures the size of 1 cm and is designed to be placed in the mouth of the toys.

## Yellow Labrador Twins



16.     The CPSC lists flocked animal figures as articles intended for use by children under 3 years. 16 CFR 1501.2. Any toy or other article intended for use by children under 3 years of age that presents a choking, aspiration or ingestion hazard because of small parts is banned. 16 CFR Part 1501, §15.01.1, 1500.18(a)(9). Animal figures are commonly used toys by children under 3, many just slightly larger than the Labrador Twins.

17.      The dimensions of the Yellow Labrador Twins are as follows:

Shiloh         1 1/2 " tall     Pacifier       .38"     1 cm

Marley        1 3/4 " tall     Bottle         .75"     2 cm

 

Both the baby bottle and the pacifier are intended to be placed in the mouth of the Critter and both

represent play versions of real-life objects that a child would place in their mouth.

16.      Section 25 of the Consumer Product Safety Act states that compliance with

consumer product safety rules and orders shall not relieve any person from liability at common

law or state statutory law.

17.      The Federal Register notice, 44 FR 34892, states the following:

The Consumer Product Safety Commission believes that toys and other articles
intended for use by children under 3 that contain parts small enough to be aspirated
or ingested present an unreasonable risk of injury....

Some products which are normally intended by the manufacturer for children over
3 years of age may not be readily recognized by the purchaser as potentially
unsuitable for younger children due to the presence of small parts....

No single factor can determine conclusively whether a borderline toy is intended
for children under 3. The manufacturer's labeling is undoubtedly one factor. If a
toy's carton recommends "For children ages 2-5," it is likely that purchasers of that
toy will give it to children of those ages. However, it is also likely that some
purchasers will buy the toy for precocious children who are only one and a half
years old. Thus, despite the labeling, such a toy will actually be used by children
for whom the manufacturer apparently does not intend it....

If the manufacturer's intent as stated on a label were solely determinative,
hazardous toys that are genuinely intended for children under 3 could be

**Page 6 of 18**

intentionally or unintentionally mislabeled to fall outside of the Commission's small parts regulation....

The Commission further believes that "The severity of the risk from small parts is extreme...and presents a direct danger to children."

18. The manufacturer of the Labrador Twins labeled them for children 3 years and up, even though their website specifically states they can be used by children 2 years of age. Under FAQ, they state:

Q. I want to buy my child Calico Critters. How old should she be to play with them?

A. Calico Critters have small parts so should only be given to children under 2 with adult supervision. Three year old is the best age to introduce Calico to your child, but maybe don't buy the sets with very small accessories. The great thing about Calico Critters is that little children from 3 like them! Whether playing with the critters and furniture or collecting, they are sure to be a hit.

Above, the manufacturer identifies the small parts, but states a 2-year-old can play with them. They even acknowledge that 3-year-olds should not play with sets with very small accessories. But the box of Labrador Twins with small, even tiny, accessories is labeled suitable for 3-year-olds.

19. Calico Critters Labrador Twins are mislabeled for children 3 and up. The manufacturer's intent, the Federal Hazardous Substances Act regulations, and the Consumer Product Safety Commission Age Determination Guidelines require Calico Critters to label the Labrador Twins for children 2 years and up. Because all 4 pieces fit within the small parts test fixture, the Calico Critters toy would be banned for sale for 2-year-old children. 16 CFR 1500.18.

**Walmart**

20.     Walmart is the world's largest company by revenue, over $500 billion, according to Fortune Global list in 2018. It is also the largest private employer in the world with 2.2 million employees. Walmart was the largest U.S. grocery retailer in 2019. Walmart, through the advent of the Walmart Super Center, set out to create a one-stop shopping community where the consumer is offered the ability to complete virtually all of their retail shopping needs under one roof.  This incident occurred at the Walmart Store located in Bernalillo, New Mexico.  At the time of the incident, the store manager was Defendant Marie Short.  Bernalillo has a population of 9,638; Sandoval County, which contains the town of Bernalillo, has a population of 142, 507.  Defendants Walmart and Marie Short, as manager of the store, have the duty and responsibility to carry out the operation of the business in a safe and prudent manner.  This includes the duty to market, merchandise, and sell products in such a manner that it will not present a danger to its customer.

21.     Walmart's Toy Sales represent a substantial portion of the company's overall sales. The store manager at the Walmart is responsible for all operations of the store including the merchandising and placement of products in the store.  The store manager is responsible and has duty to understand the types of merchandise being sold in the store and the manner in which such merchandise is placed, advertised, and displayed.

22.     As noted herein, the United States Consumer Product Safety Commission has gone to great lengths to make sure that dangerous products are not marketed and sold improperly to the wrong consumers.  Just as adult content is not suitable for young children, toys that present dangers to young children including choking hazards should not be merchandised and marketed to those individuals.  The Calico Critters toys that were sold to the Plaintiffs in this case fit into this category.  By law, these toys are not suitable for children under age 3.  Further, a simple analysis

of this particular toy would reveal the obvious danger of equipping a flocked animal with a small removable pacifier. Such a toy just invites the end user child to put the pacifier into their mouth.

**Dakotah Dedios needlessly suffers and dies**

23.     On or about May 5, 2018, Plaintiff, Richaline Dedios, was a customer in the Walmart Stores location in Bernalillo New Mexico. She had gone with her daughter and other family members to shop at the store for various groceries and other items. While moving through the store, the family passed through the toy section of the store. Plaintiff's daughter, Dakotah Dedios, who was 2 years old at the time, was drawn to the "Yellow Labrador Twins" and was able to access and remove the Yellow Labrador Twins from the shelf.

24.     On May 10, 2018, Dakotah was playing with the Labrador Twins at her home in Jicarilla, New Mexico when she aspirated the loose pacifier toy that came with the Labrador Twins. Dakotah was taken to the hospital and subsequently was pronounced dead. Per the autopsy report, Dakotah deceased from choking on the loose pacifier toy on May 10, 2018. At the time of her death, Dakotah was 2 years and 9 months old, less than 3 months shy of her 3rd birthday.

25.     The responsibility for Dakotah's death falls squarely upon the shoulders of all Defendants who, by placing profits, market share, and economics over consumer safety, blindly allowed such a toy to be designed, manufactured marketed and sold to children. The fact that any manufacturer or retailer would allow such a toy to be manufactured and sold is unconscionable. The purpose of this lawsuit is to not only hold these defendants accountable for the suffering that Dakotah endured before her death, the pain and anguish caused to her mother from the death, but to also effect change in the industry and move the focus of the Defendants from market share and dollars to safety of the consumer and our children.

26.     Dakotah's death, and the damages sustained by Richaline Dedios, were all the result of the defective product in question.

### IV.     CLAIMS FOR RELIEF

### COUNT I
**Strict Products Liability against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT**

27.     Plaintiffs repeat and re-allege all previous paragraphs as if fully set forth herein.

28.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, are manufacturers/suppliers and retailers in the business of putting the toy in question on the market and are therefore liable for harm caused by an unreasonable risk of injury resulting from a condition of those products or from the manner of their use.

29.     An unreasonable risk of injury is a risk which a reasonably prudent person having full knowledge of the risk would find unacceptable, taking into consideration the ability to eliminate the risk without seriously impairing the usefulness of the product or making it unduly expensive.  Such an unreasonable risk of harm makes the product defective, irrespective of the care taken in the manufacture and supply process.

30.     Dakotah Dedios was a person whom the INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT could reasonably expect to use the toy in question.

31.     At the time of the incident at issue, the toy in question was defective as a result of at least the following conditions:

> A.     The toy in question was designed and/or manufactured such that it had loose small parts, a pacifier that was too small and capable of being aspirated and

causing choking, to maintain the integrity of the toy during normal and foreseeable use;

B. The toy was designed without proper warnings and/or instructions regarding safe use, specifically with regard to falsely labeling the toy for use for ages 3 and up;

C. Defendants failed to properly design, manufacture, research, inspect and test the toy in question;

D. Defendants failed to adequately and properly warn reasonably anticipated users including Dakotah Dedios of the defective condition of the toy in question;

E. Defendants represented to the public and to the foreseeable users including Dakotah Dedios that the toy in question and similar toys were safe for normal use;

F. Defendants failed to recall the toy in question or prevent its distribution and sale; and

G. Defendants allowed the toy in question to be stocked, merchandised, marketed and sold to children under age 3.

32. At the time of the incident in question, Dakotah Dedios was using the toy in question for a purpose and in a manner which could reasonably be foreseen.

33. Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, could not reasonably expect that the risks of injury and death set forth herein were obvious or known to foreseeable users of the toy in question, including Dakotah Dedios.

34. Plaintiffs' injuries and damages were caused by a condition or conditions of the toy in question which were not substantially changed or unforeseeably altered from the condition or conditions in which Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, placed the toy in question on the market.

35.     The defective conditions of the toy in question, either singularly or in combination, were a cause of Plaintiffs' injuries and damages.

## COUNT II
### Negligence against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT

36.     Plaintiffs repeat and re-allege all previous paragraphs as if fully set forth herein.

37.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, as the designers, manufacturers, suppliers and distributors and retailers of the toy in question, had a duty to use ordinary care in designing, manufacturing, testing, marketing, packaging, merchandising and selling the toy in question.

38.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, had a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the toy in question or the manner in which they were used.

39.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, WALMART and MARIE SHORT's duty to use ordinary care to avoid a foreseeable risk of injury continued after the toy in question left their possession, if they knew, or in the exercise of ordinary care should have known, of a foreseeable risk of injury caused by a condition of the toy in question or the manner in which they could be used.

40.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, had a duty to use ordinary care to warn of a risk of injury about which they knew or should have known.

41.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, had a duty to use ordinary care to provide directions or instructions for use of the toy in question to avoid a risk of injury caused by a foreseeable manner of use.

42.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, had a duty to use ordinary care to inspect the toy in question for conditions which could expose users to risk of injury.  Alternatively, Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, had a duty to inspect the toy in question before selling them for conditions which could expose users to risk of injury when they had knowledge which would lead a reasonably prudent person to undertake an inspection.

43.     The duty of care increases with the severity of danger, thus Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT's duty was especially high given the likelihood of death or serious injury from a failure of the toy in question during normal use activities.

44.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, breached the duty of care, and, therefore, were negligent in at least the following particulars:

   A.     in failing to adequately and properly test and inspect the toy in question;

   B.     in failing to utilize and/or implement reasonably safe designs in the manufacture of the toy in question and similar toys;

   C.     in failing to heed the warning and notice that during the normal and expected use of toys similar to the ones at issue, failures as well as serious injuries and deaths had occurred;

D.     in failing to adequately and properly warn reasonably anticipated users including Dakotah Dedios of the defective condition of the toy in question;

E.     in representing to the public and to the foreseeable purchasers and users, including Richaline and Dakotah Dedios, that the toy in question and similar toys were safe for normal use;

F.     in failing to recall the toy in question or prevent their distribution and sale;

G.     in actively merchandising and marketing the toy in such a manner that encourages sales to children under age 2; and

H.     otherwise failing to use that care which a reasonably prudent person would use in the conduct of his business.

45.     At the time of the incident in question, Dakotah Dedios was a foreseeable user of the toy in question for a purpose and in a manner which could reasonably be foreseen.

46.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, could not reasonably expect that the risks of injury set forth herein were obvious or known to foreseeable users of the toy in question, including Dakotah Dedios.

47.     The negligent acts and omissions of Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, either singularly or in combination, were a cause of Plaintiffs' injuries and damages.

## COUNT III
### Negligence Per Se against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT

48.     Plaintiffs repeat and re-allege all previous paragraphs as if fully set forth herein.

49.     Calico Critters Labrador Twins are mislabeled for children 3 and up in violation of 16 CFR 1500.18. Specifically, the manufacturer's intent, the Federal Hazardous Substances Act

regulations, and the Consumer Product Safety Commission Age Determination Guidelines require Calico Critters to label the Labrador Twins for children 2 years and up. Because all 4 pieces fit within the small parts test fixture, the Calico Critters toy would be banned for sale for 2-year-old children. 16 CFR 1500.18.

50.     Defendants were engaged in the business of designing, manufacturing, testing, selling, and distributing the Calico Critters Labrador Twins products and were subject to statutes and regulations regarding the same.  Defendants' acts and/or omissions and wrongful conduct as described above were in violation of these statutes and regulations.

51.     These statutes and regulations expressly and implicitly prescribe a standard of conduct for the Defendants.   Plaintiffs were among the class of persons sought to be protected by the statutes identified above.   The harms and injuries suffered by Plaintiffs are of the type the legislature and the administrative bodies, through the statutes and regulations identified above, sought to prevent.   As such, Plaintiffs are entitled to a presumption of negligence per se by the Defendants' acts and/or omissions and wrongful conduct in violation of such statutes and regulations.

52.     The Defendants' negligent conduct as outlined above, including the violations of the Federal Hazardous Substances Act and applicable regulations, were a cause of Plaintiffs' injuries and damages.

## COUNT IV
### Breach of Implied Warranty of Merchantability Against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT

53.     Plaintiffs repeat and re-allege all previous paragraphs as if fully set forth herein.

54.     At all relevant times, Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT,

were a manufacturer, seller, supplier and/or merchant who regularly dealt in the sale and supply of toys including the toy in question and held themselves out as having special knowledge or skill concerning the products they sold and supplied.

55.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, impliedly warranted that the toy they manufactured, INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LCC, WALMART and MARIE SHORT, was fit for use as intended, specifically for use by small children. Defendants breached the implied warranty of merchantability because the toy in question was not merchantable due to their failure to perform under normal conditions as they were reasonably intended and used by the purchaser and foreseeable users of the toy in question.

56.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, also breached the implied warranty of merchantability because the toy in question was defective and was not fit for the ordinary purpose for which such products are used.

57.     Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT, had reason to know at the time they manufactured, supplied and/or sold the toy in question that they were manufactured, supplied and/or sold for use by persons such as Dakotah Dedios who, in conjunction with her mother, Plaintiff Richaline Dedios, the purchaser of the toy, were relying on Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTIN PLAY, LLC, WALMART, and MARIE SHORT's, skill or judgment to select or furnish a suitable toy for use by Dakotah Dedios.

58.     The breach of implied warranty of merchantability by Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LCC, WALMART and MARIE SHORT, was a cause of Plaintiffs' injuries and damages.

**COUNT V**
**Damages**

59.     Plaintiffs repeat and re-allege all previous paragraphs as if fully set forth herein.

60.     As a direct and proximate result of the defective condition of the toy in question, the negligence of the Defendants, the breach of implied warranty of merchantability, and the resulting incident leading to Dakotah Dedios's death, Plaintiffs seek damages including the following:

      A.     Wrongful death damages to the Estate of Dakotah Dedios;

      B.     Loss of consortium damages to Plaintiff Richaline Dedios and;

      C.     Plaintiffs also seek pre-judgment interest, post-judgment interest, and their costs of suit, as allowed by law.

**COUNT VI**
**Claim for Punitive Damages Against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT**

61.     Plaintiffs repeat and re-allege all previous paragraphs as if fully set forth herein.

62.     In addition to placing the unreasonably dangerous and defective toy in question into the market, giving rise to strict liability and negligence liability, Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT also acted intentionally, maliciously, willfully, recklessly, and/or with wanton disregard for the safety of others.

63.     Among others, these intentional, malicious, willful, reckless, and/or wanton acts and omissions of the Defendants, either singularly, in combination, or based on the cumulative

conduct of employees of the corporate Defendants, were a cause of the Plaintiffs' injuries and damages.  Accordingly, Defendants are liable for punitive damages.

## V.     CONCLUSION

WHEREFORE, Plaintiffs request judgment against Defendants for their damages, punitive damages, pre-judgment and post-judgment interest at the legal rate, for their costs, and for such other and further relief to which Plaintiffs may be entitled under the facts and circumstances.

Respectfully submitted,

**DURHAM, PITTARD & SPALDING, L.L.P.**

*/s/Justin R. Kaufman*
Justin R. Kaufman
Rosalind B. Bienvenu
505 Cerrillos Road, Suite A209
Santa Fe, New Mexico  87501
Telephone:  (505) 986-0600
Facsimile:  (505) 986-0632
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com

John F. (Jack) Walker III *(Pro Hac Pending)*
Reid WM. Martin *(Pro Hac Pending)*
**MARTIN WALKER, P.C.**
121 N. Spring Ave.
Tyler, Texas  75702
Telephone:  (903) 526-1600
jwalker@martinwalkerlaw.com
rmartin@martinwalkerlaw.com

***Attorneys for Plaintiffs***

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2019 2:10 PM
STEPHEN T. PACHECO
CLERK OF THE COURT
Tamara Snee

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| D. MARIA SCHMIDT, AS PERSONAL | § | No. D-101-CV-2019-02217 |
| REPRESENTATIVE FOR THE ESTATE OF | § | Case assigned to Ortiz, Raymond Z. |
| DAKOTAH DEDIOS, DECEASED; and | § | |
| RICHALINE DEDIOS; | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | |
| | § | |
| INTERNATIONAL PLAYTHINGS LLC; | § | |
| EPOCH COMPANY, LTD., EPOCH | § | |
| EVERLASTING PLAY, LLC, | § | |
| WALMART, INC., and | § | |
| MARIE SHORT, | § | |
| | § | |
| **Defendants.** | § | |

## JURY DEMAND

**COME NOW** Plaintiffs, D. Maria Schmidt, as Personal Representative for the Estate of

Dakota Dedios, deceased, and Richaline Dedios, by and through their attorneys of record,

Martin Walker, P.C. and Durham, Pittard & Spalding, L.L.P., and hereby demand a trial by a

twelve (12) person jury in this cause of action, and tenders the appropriate fee with the filing of

this application.

Respectfully submitted,

**DURHAM, PITTARD & SPALDING, L.L.P.**

/s/Justin R. Kaufman
Justin R. Kaufman
Rosalind B. Bienvenu
505 Cerrillos Road, Suite A209
Santa Fe, New Mexico 87501
Telephone:  (505) 986-0600
Facsimile:  (505) 986-0632

SECRETARY OF STATE
SEP 3 '19 AM 11:02

jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com

John F. (Jack) Walker III *(Pro Hac Pending)*
Reid WM. Martin *(Pro Hac Pending)*
**MARTIN WALKER, P.C.**
121 N. Spring Avenue
Tyler, Texas  75702
Telephone:  (903) 526-1600
jwalker@martinwalkerlaw.com
rmartin@martinwalkerlaw.com

***Attorneys for Plaintiffs***

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
8/22/2019 9:32 AM
STEPHEN T. PACHECO
CLERK OF THE COURT
Leah Martinez

**SUMMONS**

| | |
|---|---|
| **First Judicial District Court**<br>Santa Fe County, New Mexico<br>Post Office Box 2268 / 225 Montezuma Ave.<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone: (505) 455-8250 | **Case Number:**<br><br>D-101-CV-2019-02217<br><br>**Assigned Judge:**<br><br>Case assigned to Ortiz, Raymond Z. |
| **D. MARIA SCHMIDT, AS PERSONAL**<br>**REPRESENTATIVE FOR THE ESTATE**<br>**OF DAKOTAH DEDIOS, DECEASED;**<br>**and RICHALINE DEDIOS,**<br><br>Plaintiffs,<br><br>vs.<br><br>**INTERNATIONAL PLAYTHINGS LLC;**<br>**EPOCH COMPANY, LTD., EPOCH**<br>**EVERLASTING PLAY, LLC,**<br>**WALMART, INC. and**<br>**MARIE SHORT,**<br><br>Defendants. | **Defendant:**<br><br>**MARIE SHORT**<br>560 Atlantic Rd. SE<br>Rio Rancho, NM 87124-3363 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1.    A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.    You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.    You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.    If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.    You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.    If you need an interpreter, you must ask for one in writing.

7.    You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

1

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. D-101-CV-2019-02217

D. MARIA SCHMIDT, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE
OF DAKOTAH DEDIOS, DECEASED;
and RICHALINE DEDIOS,

    Plaintiffs,

vs.

INTERNATIONAL PLAYTHINGS LLC;
EPOCH COMPANY, LTD., EPOCH
EVERLASTING PLAY, LLC
WALMART, INC. and
MARIE SHORT,

    Defendants.

§§§§§§§§§§§§§§§§§§§

**RETURN[1]**

STATE OF New Mexico )
                )ss
COUNTY OF Santa Fe )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Bernalillo county on the 21st day of August, 2019, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

☒ to the defendant Marie Short *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

☐ to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

3

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____ (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $50+ Mileage

_____
Signature of person making service

Owner After Legal Document Service

Title (*if any*)

Subscribed and sworn to before me this 21st day of August, 2019.

_____
Judge, notary or other officer
authorized to administer oaths

Notary
Official Title

My Commission Expires: April 11, 2022

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the

4

signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

5

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
8/22/2019 3:55 PM
STEPHEN T. PACHECO
CLERK OF THE COURT
Marina Sisneros

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**D. MARIA SCHMIDT, AS PERSONAL** §
**REPRESENTATIVE FOR THE ESTATE OF** §
**DAKOTAH DEDIOS, DECEASED; and** §
**RICHALINE DEDIOS;** §
§
        **Plaintiffs,** §
§
vs. §
§
**INTERNATIONAL PLAYTHINGS LLC;** §
**EPOCH COMPANY, LTD., EPOCH** §
**EVERLASTING PLAY, LLC,** §
**WALMART, INC., and** §
**MARIE SHORT,** §
§
        **Defendants.** §

**No. D-101-CV-2019-02217**

## NOTICE OF FILING OF AFFIDAVIT FOR NON-ADMITTED LAWYER

Pursuant to Rules 1-089.1 and 24-106 of the New Mexico Rules of Civil Procedure, Plaintiffs give notice of the filing of the Affidavit of John F. (Jack) Walker III relating to the appearance in this case with Justin R. Kaufman and Rosalind B. Bienvenu of Durham, Pittard & Spalding, L.L.P., 505 Cerrillos Road, Suite A209, Santa Fe, NM 87501 on behalf of Plaintiffs attached hereto. The registration certificate and filing fee have been sent to the State Bar of New Mexico.

Respectfully submitted,

**DURHAM, PITTARD & SPALDING, L.L.P.**

By: /s/Justin R. Kaufman
_____
    Justin R. Kaufman
    Rosalind B. Bienvenu
    505 Cerrillos Rd., Suite A 209
    Santa Fe, New Mexico 87501
    Telephone:  (505) 986-0600
    Facsimile:  (505) 986-0632

jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com

*Attorneys for Plaintiffs*

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D. MARIA SCHMIDT, AS PERSONAL                §
REPRESENTATIVE FOR THE ESTATE OF             §
DAKOTAH DEDIOS, DECEASED; and                §          No. D-101-CV-2019-02217
RICHALINE DEDIOS;                            §
                                             §
            Plaintiffs,                       §
                                             §
vs.                                          §
                                             §
INTERNATIONAL PLAYTHINGS LLC;                §
EPOCH COMPANY, LTD, EPOCH                     §
EVERLASTING PLAY, LLC,                        §
WALMART, INC., and                           §
MARIE SHORT,                                 §
                                             §
            Defendants.                       §

## AFFIDAVIT OF JOHN F. (Jack) WALKER III

STATE OF TEXAS            §
                          §
COUNTY OF SMITH           §

I, John F. (Jack) Walker III, of full age, being duly sworn according to law, upon my oath, depose and state:

1.    I am a member of the law firm of MARTIN WALKER, P.C., with my principal place of business in Texas being located at 121 N. Spring Ave., Tyler, TX 75702.

2.    I am a member in good standing of the State Bar of Texas, including all state courts in Texas. My Texas State Bar No. is 00785167 and I was admitted to the State Bar of Texas in 1992.

3.    I have complied with the requirements prescribed in Rule 24-106 NMRA 2005.

4.    I am associated in this matter with Justin R. Kaufman and Rosalind Bienvenu with the Durham, Pittard & Spalding, L.L.P. law firm in Santa Fe, New Mexico.

5.    Plaintiffs have requested that I personally represent them in this matter, along with Justin

R. Kaufman and Rosalind Bienvenu.   Mr. Kaufman and Ms. Bienvenu are members in

good standing of the Bar of the State of New Mexico, including the highest court of the

State of New Mexico.

Further affiant sayeth not.

_____
John F. (Jack) Walker, III

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on the 22nd day

of August, 2019.

_____
Notary Public In and For the State of Texas

SHELLEY POOLE
Notary ID #10882645
My Commission Expires
May 19, 2023

My Commission Expires:

5-19-2023

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing instrument will be served

on all counsel via the e-filing system on this the 22nd day of August, 2019.

/s/Justin R. Kaufman
Justin R. Kaufman

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
8/22/2019 3:55 PM
STEPHEN T. PACHECO
CLERK OF THE COURT
Marina Sisneros

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**D. MARIA SCHMIDT, AS PERSONAL** §
**REPRESENTATIVE FOR THE ESTATE OF** §
**DAKOTAH DEDIOS, DECEASED; and** §
**RICHALINE DEDIOS;** §
§
§                 **Plaintiffs,** §
§
vs. §
§
**INTERNATIONAL PLAYTHINGS LLC;** §
**EPOCH COMPANY, LTD., EPOCH** §
**EVERLASTING PLAY, LLC,** §
**WALMART, INC., and** §
**MARIE SHORT,** §
§
§                 **Defendants.** §

**No. D-101-CV-2019-02217**

## NOTICE OF FILING OF AFFIDAVIT FOR NON-ADMITTED LAWYER

Pursuant to Rules 1-089.1 and 24-106 of the New Mexico Rules of Civil Procedure,

Plaintiffs give notice of the filing of the Affidavit of Reid Wm. Martin relating to the

appearance in this case with Justin R. Kaufman and Rosalind B. Bienvenu of Durham, Pittard &

Spalding, L.L.P., 505 Cerrillos Road, Suite A209, Santa Fe, NM 87501 on behalf of Plaintiffs

attached hereto. The registration certificate and filing fee have been sent to the State Bar of New

Mexico.

Respectfully submitted,

**DURHAM, PITTARD & SPALDING, L.L.P.**

By: /s/Justin R. Kaufman
_____
Justin R. Kaufman
Rosalind B. Bienvenu
505 Cerrillos Rd., Suite A 209
Santa Fe, New Mexico 87501
Telephone:  (505) 986-0600
Facsimile:  (505) 986-0632

jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com

*Attorneys for Plaintiffs*

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D. MARIA SCHMIDT, AS PERSONAL                §        No. D-101-CV-2019-02217
REPRESENTATIVE FOR THE ESTATE OF            §
DAKOTAH DEDIOS, DECEASED; and               §
RICHALINE DEDIOS;                           §
                                            §
            Plaintiffs,                      §
                                            §
vs.                                         §
                                            §
INTERNATIONAL PLAYTHINGS LLC;               §
EPOCH COMPANY, LTD., EPOCH                   §
EVERLASTING PLAY, LLC,                       §
WALMART, INC., and                          §
MARIE SHORT,                                §
                                            §
            Defendants.                      §

## AFFIDAVIT OF REID WM. MARTIN

STATE OF TEXAS          §
                        §
COUNTY OF SMITH         §

I, Reid WM. Martin, of full age, being duly sworn according to law, upon my oath, depose and state:

1.  I am a member of the law firm of MARTIN WALKER, P.C., with my principal place of business in Texas being located at 121 N. Spring Ave, Tyler, TX 75702.

2.  I am a member in good standing of the State Bar of Texas, including all state courts in Texas. My Texas State Bar No. is 13098986 and I was admitted to the State Bar of Texas in 1991.

3.  I have complied with the requirements prescribed in Rule 24-106 NMRA 2005.

4.  I am associated in this matter with Justin R. Kaufman and Rosalind Bienvenu with the Durham, Pittard & Spalding, L.L.P. law firm in Santa Fe, New Mexico.

5.    Plaintiffs have requested that I personally represent them in this matter, along with Justin R. Kaufman and Rosalind Bienvenu. Mr. Kaufman and Ms. Bienvenu are members in good standing of the Bar of the State of New Mexico, including the highest court of the State of New Mexico.

Further affiant sayeth not.

_____
Reid Wm. Marsh

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on the 22nd day of August, 2019.

_____
Notary Public In and For the State of Texas

SHELLEY POOLE
Notary ID #10882645
My Commission Expires
May 19, 2023

My Commission Expires:

5-19-2023

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing instrument will be served on all counsel via the e-filing system on this the 22nd day of August, 2019.

/s/Justin R. Kaufman
Justin R. Kaufman

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
9/3/2019 9:54 AM
STEPHEN T. PACHECO
CLERK OF THE COURT
Marina Sisneros

**SUMMONS**

| | |
|---|---|
| First Judicial District Court<br>Santa Fe County, New Mexico<br>Post Office Box 2268 / 225 Montezuma Ave.<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone: (505) 455-8250 | Case Number:<br>D-101-CV-2019-02217<br><br>Assigned Judge:<br>Case assigned to Ortiz, Raymond Z. |
| D. MARIA SCHMIDT, AS PERSONAL<br>REPRESENTATIVE FOR THE ESTATE<br>OF DAKOTAH DEDIOS, DECEASED;<br>and RICHALINE DEDIOS,<br><br>         Plaintiffs,<br><br>vs.<br><br>INTERNATIONAL PLAYTHINGS LLC;<br>EPOCH COMPANY, LTD.,<br>EPOCH EVERLASTING PLAY, LLC,<br>WALMART, INC. and<br>MARIE SHORT,<br><br>         Defendants. | Defendant:<br><br>INTERNATIONAL PLAYTHINGS<br>LLC,<br><br>c/o New Mexico Secretary of State<br>325 Don Gaspar, Suite 300<br>Santa Fe, NM 87501<br><br>Name and Address:<br>International Playthings, LLC<br>75D Lackawanna Avenue<br>Parsippany, New Jersey 07054 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

1

Dated at Santa Fe County, New Mexico, this 16th day of August , 2019.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____
      Deputy

DURHAM, PITTARD & SPALDING, L.L.P.

_____
Signature of Attorney for Plaintiff
Justin R. Kaufman
505 Cerrillos Rd., Suite A209
Santa Fe, NM 87501
jkaufman@dpslawgroup.com
Telephone No.: (505) 986-0600
Facsimile: (505) 986-0632

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

2

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D. MARIA SCHMIDT, AS PERSONAL §
REPRESENTATIVE FOR THE ESTATE §
OF DAKOTAH DEDIOS, DECEASED; §
and RICHALINE DEDIOS, §
§
Plaintiffs, §
§
vs. §
§
INTERNATIONAL PLAYTHINGS LLC; §
EPOCH COMPANY, LTD., EPOCH §
EVERLASTING PLAY, LLC §
WALMART, INC. and §
MARIE SHORT, §
§
Defendants. §

No. ___D-101-CV-2019-02217___

**RETURN[1]**

STATE OF _New Mexico_ )
                                         )ss
COUNTY OF _Santa Fe_ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _3rd_ day of _September_, _2019_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

3

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[✓] to Felicia Gonzales to NM Secretary of State, (*title of person*) (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees:

_____

Maryruy Ten
Signature of person making service

Legal Assistant
Title (*if any*)

Subscribed and sworn to before me this 3rd day of September, 2019

_____
Judge, notary or other officer
authorized to administer oaths

Notary
Official title

My Commission Expires: 11/5/22

[seal: OFFICIAL SEAL Justin R. Kaufman NOTARY PUBLIC - STATE OF NEW MEXICO My Commission Expires: 11/5/22]

USE NOTE

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the

4

signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

5

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
9/3/2019 9:54 AM
STEPHEN T. PACHECO
CLERK OF THE COURT
Marina Sisneros

## SUMMONS

| | |
|---|---|
| **First Judicial District Court**<br>Santa Fe County, New Mexico<br>Post Office Box 2268 / 225 Montezuma Ave.<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone: (505) 455-8250 | **Case Number:**<br>D-101-CV-2019-02217<br>**Assigned Judge:**<br>Case assigned to Ortiz, Raymond Z. |
| **D. MARIA SCHMIDT, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF DAKOTAH DEDIOS, DECEASED; and RICHALINE DEDIOS,**<br><br>Plaintiffs,<br><br>vs.<br><br>**INTERNATIONAL PLAYTHINGS LLC; EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART, INC. and MARIE SHORT,**<br><br>Defendants. | **Defendant:**<br><br>**EPOCH EVERLASTING PLAY, LLC**<br><br>c/o New Mexico Secretary of State<br>325 Don Gaspar, Suite 300<br>Santa Fe, NM 87501<br><br>**Name and Address:**<br>Epoch Everlasting Play, LLC<br>c/o Corporation Service Company,<br>Registered Agent<br>251 Little Falls Drive<br>Wilmington, Delaware 19809 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

1

Dated at Santa Fe County, New Mexico, this 16th day of August , 2019.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____
            Deputy

DURHAM, PITTARD & SPALDING, L.L.P.

Signature of Attorney for Plaintiff
Justin R. Kaufman
505 Cerrillos Rd., Suite A209
Santa Fe, NM 87501
jkaufman@dpslawgroup.com
Telephone No.: (505) 986-0600
Facsimile:  (505) 986-0632

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

2

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D. MARIA SCHMIDT, AS PERSONAL          §
REPRESENTATIVE FOR THE ESTATE          §
OF DAKOTAH DEDIOS, DECEASED;           §
and RICHALINE DEDIOS,                  §
                                       §
        Plaintiffs,                    §
                                       §
vs.                                    §
                                       §
INTERNATIONAL PLAYTHINGS LLC;          §
EPOCH COMPANY, LTD, EPOCH              §
EVERLASTING PLAY, LLC,                 §
WALMART, INC. and                      §
MARIE SHORT,                           §
                                       §
        Defendants.                    §

No. __D-101-CV-2019-02217__

**RETURN[1]**

STATE OF _New Mexico_ )
                     )ss
COUNTY OF _Santa Fe_ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _3rd_ day of _September_ , _2019_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]  to the defendant _____ (used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)

[ ]  to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

3

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[✓] to _Felicia Gonzales_ *(name of person), NM Secretary of State , (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

_Maynard_
Signature of person making service

_Legal Assistant_
Title *(if any)*

Subscribed and sworn to before me this 3ʳᵈ day of _September_, 2019

My Commission Expires: ___11/5/22___

~~Judge, notary or other officer~~
authorized to administer oaths

_Notary_
Official title

OFFICIAL SEAL
**Justin R. Kaufman**
NOTARY PUBLIC - STATE OF NEW MEXICO
My Commission Expires: ___11/5/22___

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the

4

signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

5

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
9/3/2019 9:54 AM
STEPHEN T. PACHECO
CLERK OF THE COURT
Marina Sisneros

**SUMMONS**

| | |
|---|---|
| **First Judicial District Court**<br>Santa Fe County, New Mexico<br>Post Office Box 2268 / 225 Montezuma Ave.<br>Santa Fe, New Mexico 87504 / 87501<br>Court Telephone: (505) 455-8250 | **Case Number:**<br>D-101-CV-2019-0217<br><br>**Assigned Judge:**<br>Case assigned to Ortiz, Raymond Z. |
| **D. MARIA SCHMIDT, AS PERSONAL<br>REPRESENTATIVE FOR THE ESTATE<br>OF DAKOTAH DEDIOS, DECEASED;<br>and RICHALINE DEDIOS,**<br><br>          **Plaintiffs,**<br><br>vs.<br><br>**INTERNATIONAL PLAYTHINGS LLC;<br>EPOCH COMPANY, LTD., EPOCH<br>EVERLASTING, PLAY, LLC<br>WALMART, INC. and<br>MARIE SHORT,**<br><br>          **Defendants.** | **Defendant:**<br><br>**EPOCH COMPANY, LTD.**<br><br>c/o New Mexico Secretary of State<br>325 Don Gaspar, Suite 300<br>Santa Fe, NM 87501<br><br>**Name and Address:**<br>Epoch Company, Ltd.<br>c/o Corporation Service Company,<br>Registered Agent<br>251 Little Falls Drive<br>Wilmington, Delaware 19809 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

1

Dated at Santa Fe County, New Mexico, this 16th day of ___August___, 2019.

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _____
          Deputy

DURHAM, PITTARD & SPALDING, L.L.P.

_____
Signature of Attorney for Plaintiff
Justin R. Kaufman
505 Cerrillos Rd., Suite A209
Santa Fe, NM 87501
jkaufman@dpslawgroup.com
Telephone No.: (505) 986-0600
Facsimile:  (505) 986-0632

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

2

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. ___D-101-CV-2019 - 02217___

D. MARIA SCHMIDT, AS PERSONAL            §
REPRESENTATIVE FOR THE ESTATE            §
OF DAKOTAH DEDIOS, DECEASED;             §
and RICHALINE DEDIOS,                    §
                                         §
            Plaintiffs,                  §
                                         §
vs.                                      §
                                         §
INTERNATIONAL PLAYTHINGS LLC;            §
EPOCH COMPANY, LTD., EPOCH               §
EVERLASTING PLAY, LLC,                   §
WALMART, INC. and                        §
MARIE SHORT,                             §
                                         §
            Defendants.                  §

RETURN[1]

STATE OF _New Mexico_  )
                       )ss
COUNTY OF _Santa Fe_   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Santa Fe_ county on the _30_ day of _September_, _2019_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by mail or commercial courier service).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

3

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[✓] to Felica Gonzales *(name of person),* NM Secretary 9 State *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____

_Maggey Finn_
Signature of person making service
_Legal Assistant_
Title *(if any)*

Subscribed and sworn to before me this 3ᵈ day of September, 2019

_J. D._
Judge, notary ~~or other officer~~
authorized to administer oaths
Notary
Official title

My Commission Expires: _11/5/22_

OFFICIAL SEAL
Justin R. Kaufman
NOTARY PUBLIC - STATE OF NEW MEXICO
My Commission Expires: _11/5/22_

**USE NOTE**

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the

4

signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

5

FILED
1st JUDICIAL DISTRICT COURT
Santa Fe County
9/30/2019 4:26 PM
STEPHEN T. PACHECO
CLERK OF THE COURT
Jennifer Romero

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

D. MARIA SCHMIDT, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF
DAKOTAH DEDIOS, DECEASED; and
RICHALINE DEDIOS;

      Plaintiffs,

vs.                                  No. D-101-CV-2019-02217
                                        Case assigned to Ortiz, Raymond Z.

INTERNATIONAL PLAYTHINGS LLC;
EPOCH COMPANY, LTD., EPOCH
EVERLASTING PLAY, LLC,
WALMART, INC., and
MARIE SHORT,

      Defendants.

## DEFENDANT MARIE SHORT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH, LOSS OF CONSORTIUM, PERSONAL INJURY, AND PUNITIVE DAMAGES

COMES NOW Defendant, Marie Short, by and through her counsel of record, Modrall Sperling, Roehl, Harris & Sisk, and answers Plaintiff's Complaint for Wrongful Death, Loss of Consortium, Personal Injury, and Punitive Damages as follows:

## I. PARTIES

1.     Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 1, and therefore denies those allegations.

2.     Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 2, and therefore denies those allegations.

1

3.    Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 3, and therefore denies those allegations.

4.    Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 4, and therefore denies those allegations.

5.    Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 5, and therefore denies those allegations.

6.    Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 6, and therefore denies those allegations.

7.    Defendant admits the allegations contained in Paragraph 6.

8.    The allegations contained in Paragraph 8 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

## II. JURISDICTION, VENUE AND JOINDER

9.    The allegations contained in Paragraph 9 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

10.    The allegations contained in Paragraph 10 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

11.    The allegations contained in Paragraph 11 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

12.    The allegations contained in Paragraph 12 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

# III. <u>FACTUAL BACKGROUND</u>

**Calico Critters**

13.     To the extent that the allegations of Paragraph 13 pertain to Defendant, Defendant denies the allegations of Paragraph 13. To the extent the allegations of Paragraph 13 pertain to other Defendants, Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations, and therefore denies those allegations.

14.     Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 14, and therefore denies those allegations.

15.      Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 15, and therefore denies those allegations.

16.     The allegations contained in Paragraph 16 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

17.     Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 17, and therefore denies those allegations.

16.     The allegations contained in the second Paragraph 16 on page 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

17.     The allegations contained in the second Paragraph 17 on page 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

18.     The allegations contained in Paragraph 18 do not appear to pertain to this Defendant, and no response is therefore required. To the extent a response is required, Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations and therefore denies those allegations.

19.     The allegations contained in the Paragraph 19 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

**Walmart**

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

**Dakotah Dedios**

23.  Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 23, and therefore denies those allegations.

24.  Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 24, and therefore denies those allegations.

25.  Defendant denies the allegations of Paragraph 25.

26.  Defendant lacks sufficient information or knowledge to ascertain the truth of the allegations contained in Paragraph 26, and therefore denies those allegations.

## IV.   CLAIMS FOR RELIEF
### COUNT I

**Strict Products Liability against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT**

27.     Defendant incorporates her response to Paragraph 1 through 26 as if fully stated herein.

28.     Defendant denies the allegations of Paragraph 28.

29.     Defendant denies the allegations of Paragraph 29.

30.     Defendant denies the allegations of Paragraph 30.

31.     Defendant denies the allegations of Paragraph 31.

32.     Defendant lacks sufficient information to ascertain the truth of the allegations contained in Paragraph 32, and therefore denies the allegations.

33.     Defendant lacks sufficient information to ascertain the truth of the allegations contained in Paragraph 33, and therefore denies the allegations.

34.     Defendant lacks sufficient information to ascertain the truth of the allegations contained in Paragraph 34, and therefore denies the allegations.

35.     Defendant lacks sufficient information to ascertain the truth of the allegations contained in Paragraph 35, and therefore denies the allegations.

### COUNT II

**Negligence against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT**

36.     Defendant incorporates her responses to Paragraphs 1 through 35 as if fully stated herein.

37.     The allegations contained in Paragraph 37 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

38.     The allegations contained in Paragraph 38 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

39.     The allegations contained in Paragraph 39 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

40.     The allegations contained in Paragraph 40 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

41.     The allegations contained in Paragraph 41 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

42.     The allegations contained in Paragraph 42 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

43.     The allegations contained in Paragraph 43 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

44.     To the extent they pertain to this Defendant, Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     To the extent they pertain to this Defendant, Defendant denies the allegations contained in Paragraph 46.

47.     To the extent they pertain to this Defendant, Defendant denies the allegations contained in Paragraph 47.

## COUNT III

**Negligence Per Se against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT**

48.    Defendant incorporates her responses to Paragraphs 1 through 47 as if fully stated herein.

49.    The allegations contained in Paragraph 49 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

50.    To the extent they pertain to this Defendant, Defendant denies the allegations contained in Paragraph 50.

51.    The allegations contained in Paragraph 51 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

52.    The allegations contained in Paragraph 52 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

## COUNT IV

**Breach of Implied Warranty of Merchantability Against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT**

53. Defendant incorporates her response to Paragraph 53 as if fully stated herein.

54. To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 54.

55. To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 55.

56. To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 56.

7

57. To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 57. To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 57.

58. To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 58. To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 58.

## COUNT V

### Damages

59.    Defendant incorporates her responses to Paragraphs 1 through 58 as if set forth fully herein.

60.    To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 60.

## COUNT VI

### Claim for Punitive Damages Against Defendants INTERNATIONAL PLAYTHINGS, EPOCH COMPANY, LTD, EPOCH EVERLASTING PLAY, LLC, WALMART and MARIE SHORT

61.    Defendant incorporates her responses to Paragraphs 1 through 60 as if set forth fully herein.

62.    To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 62.

63.    To the extent they pertain to this Defendant, Defendant denies the allegations of Paragraph 63.

64.    Defendant denies that Plaintiffs are entitled to the relief requested in the unnumbered conclusion of their Complaint.

65.     Defendant denies each and every allegation that is not expressly admitted in this Answer.

## DEFENSES

### FIRST DEFENSE

Any recovery by Plaintiffs may be barred or reduced by the conduct, negligence, fault, or carelessness of Plaintiffs or others for whom Defendant is not legally responsible.

### SECOND DEFENSE

Defendant denies any and all liability, but if damages were suffered by Plaintiffs, the damages were solely caused by and the result of unforeseeable intervening or superseding forces independent of Defendant, or an unavoidable accident, which bar Plaintiffs' causes of action against Defendant.

### THIRD DEFENSE

The events complained of in Plaintiffs' Complaint resulted from the actions of others, none of whom are under the control, supervision, or direction of Defendant.

### FOURTH DEFENSE

Any recovery by Plaintiffs may be barred or reduced by unforeseeable modification or misuse of the product and/or failure to read or heed the warnings and instructions accompanying the product by persons over whom Defendant had no control.

### FIFTH DEFENSE

Defendant complied with all applicable statutes and regulations existing at the time of sale that prescribed standards for design, inspection, testing, manufacture, labeling, packaging, warning, or instructions for the use of the product and, therefore, a rebuttable presumption exists that the product was not unreasonably dangerous.

## SIXTH DEFENSE

The design, testing, and labeling of the subject product was in conformity with the prevailing state of the art in the industry at the time the product was first sold.

## SEVENTH DEFENSE

Defendant specifically denies she was at fault.  However, if it is determined that Defendant was in some way at fault, which Defendant denies, then its percentage of fault must, should the facts so demonstrate, be compared to the percentage(s) of fault attributed by the trier of fact to Plaintiffs or other parties over whom Defendant had no control and whose conduct Defendant had no reason to anticipate, and any recovery against Defendant should be reduced, if not barred, accordingly, pursuant to New Mexico comparative fault principles.

## EIGHTH DEFENSE

Plaintiffs failed to timely notify Defendant of any alleged breach of warranty within a reasonable time after Plaintiff discovered, or should have discovered, any alleged breach of warranty, and Plaintiff is therefore barred from any recovery for such claims.

## NINTH DEFENSE

All implied warranties were properly disclaimed.

## TENTH DEFENSE

Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty.

## ELEVENTH DEFENSE

Plaintiffs' Complaint is barred to the extent that Plaintiffs or others have spoliated evidence, including the failure to preserve the subject toy.

## TWELFTH DEFENSE

Plaintiffs' Complaint is barred to the extent that there was a failure to mitigate damages.

**THIRTEENTH DEFENSE**

Until Defendant's alleged liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Walmart's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the New Mexico Constitution, and would be improper under the common law and public policies of the State of New Mexico.

**FOURTEENTH DEFENSE**

Plaintiffs' claim for punitive damages against Defendant cannot be maintained because an award of punitive damages under current New Mexico law would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and a risk of arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the New Mexico Constitution, and the common law and public policies of the State of New Mexico.

**FIFTEENTH DEFENSE**

Plaintiffs' claim for punitive damages against Defendant cannot be maintained because any award of punitive damages under New Mexico law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive

damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.   Any such verdict would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the New Mexico constitution, and would be improper under the common law and public policies of the State of New Mexico.

## SIXTEENTH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the design, manufacture, and sale of the specific single product that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the constitutional provisions of the New Mexico constitution and would be improper under the common law and public policies of the State of New Mexico because any other judgment for punitive damages in this case cannot protect defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of New Mexico.   In addition, any such award would violate principles of comity under the laws of the State of New Mexico.

## SEVENTEENTH DEFENSE

To the extent that the law of New Mexico permits punishment to be measured by the net worth or financial status of Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of Walmart in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the due process and equal protection provisions of the New Mexico constitution.

## EIGHTEENTH DEFENSE

After appropriate discovery, the following affirmative defenses may also be applicable: failure to join necessary and proper parties, violation of statutes, Statute of Limitation, waiver, release, and failure of consideration.  The extent to which Plaintiffs' claims may be barred by one of the foregoing affirmative defenses cannot be determined until Defendant has had an opportunity to complete discovery.

Defendant reserves the right to assert additional defenses it may discover in the course of the proceedings of this matter and to which it may be entitled under the law.

## NINETEENTH DEFENSE

Plaintiff's First Amended Complaint may be subject to choice of law rules impacting jurisdiction in Santa Fe County, New Mexico.

## TWENTIETH DEFENSE

Plaintiff's First Amended Complaint may be subject to any applicable innocent retailer statute, including but not limited to Tex. Civ. Prac. & Rem. Code § 82.002(a). The toy would have been sold at retail in a box provided by the manufacturer and not modified.

## TWENTY-FIRST DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

## TWENTY-SECOND DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

## TWENTY-THIRD DEFENSE

Any claim for breach of warranty fails as there is no contractual relationship between Plaintiffs and Defendant.

## JURY DEMAND

Defendant has timely demanded a trial by jury on all issues so triable.

WHEREFORE, Defendant Marie Short requests that Plaintiffs' Complaint and each of Plaintiffs' claims and counts therein be dismissed with prejudice, and for such other and further relief as the Court deems just and reasonable.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

*Electronically Filed*
By_____*/s/ Jeremy K. Harrison*_____
Jeremy K. Harrison
Kevin D. Pierce
P. O. Box 2168
Albuquerque, NM 87103
Phone: 505-848-1800
Email: jkh@modrall.com
kdp@modrall.com

14

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was submitted for electronic filing and service through "Odyssey File & Serve" and served via email on the following counsel of record/parties pro se on the 30th day of September, 2019:

Attorneys for Plaintiffs:

DURHAM, PITTARD & SPALDING, L.L.P.
Justin R. Kaufman
Rosalind B. Bienvenu
505 Cerrillos Road, Suite A209
Santa Fe, New Mexico 87501
Telephone: (505) 986-0600 Facsimile: (505) 986-0632
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com

MARTIN WALKER, P.C.
John F. (Jack) Walker III *(Pro Hac Pending)*
Reid WM. Martin *(Pro Hac Pending)*
121 N. Spring Ave.
Tyler, Texas 75702
Telephone: (903) 526-1600
jwalker@martinwalkerlaw.com
rmartin@martinwalkerlaw.com

MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A.

By:____*/s/ Jeremy K. Harrison*_____

*W3520958.DOCX*

15