UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

D. MARIA SCHMIDT, as personal
Representative for the estate of
DAKOTAH DEDIOS, deceased; and
RICHALINE DEDIOS,

       Plaintiffs,

vs.                                                                Civ. No. 19-933 LF/SCY

INTERNATIONAL PLAYTHINGS LLC;
EPOCH COMPANY, LTD; EPOCH
EVERLASTING PLAY, LLC; WALMART
INC.; and MARIE SHORT,

       Defendants

**ANSWER TO COMPLAINT**

COMES NOW the Defendant Epoch Everlasting Play LLC (hereinafter "Defendant"), by

and through its counsel of record Lewis Brisbois Bisgaard & Smith (by Gregory L. Biehler), and

for its Answer to Plaintiffs Complaint states as follows:

1.      Defendant denies for lack of information Paragraph 1 and 2 of Plaintiffs

Complaint.

2.      Defendant denies the allegations contained in Paragraph's 3 and 4 of Plaintiffs

Complaint for a lack of information

3.      Defendant admits the allegations contained in Paragraph 5 of Plaintiffs

Complaint that Epoch Everlasting Play LLC (EEP) is a Delaware Limited Liability Company,

having its principle office in New Jersey, and existing under the Laws of the State of Delaware.

All other allegations of Paragraph 5 are denied.

5.      Defendant denies for lack of information Paragraph's 6 through 8 of Plaintiffs

4824-0715-0505.1

Complaint.

6.      Defendant denies the allegations contained in Paragraph's 9 and 14 of Plaintiffs

Complaint.

7.      Defendant denies for lack of information Paragraph 15 of Plaintiffs

Complaint.

8.      Defendant denies the allegations contained in Paragraph's 16 and 17 of Plaintiffs

Complaint as statements of law that do not require admission or denial.

9.      Defendant admits the allegations contained in Paragraph 18 of Plaintiffs

Complaint that the packaging of the Labrador Twins warns that they are for children 3 years and

up and deny all other allegations of Paragraph 18.

10..    Defendant denies the allegations contained in Paragraph 19 of Plaintiffs

Complaint.

11.     Defendant denies for lack of information Paragraph's 20 and 21 of Plaintiffs

Complaint.

12.     Defendant denies the allegations contained in Paragraph 22 of Plaintiffs

Complaint.

13.     Defendant denies for lack of information Paragraph's 23 through 25 of Plaintiffs

Complaint.

14.     Defendant denies the allegations contained in Paragraph 26 of Plaintiffs

Complaint.

15.     Defendant re-alleges in response to Paragraph 27 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in Paragraph's 28 through 35 of

Plaintiffs Complaint.

17.     Defendant re-alleges in response to Paragraph 36 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph's 37 through 47 of Plaintiffs Complaint.

19.     Defendant re-alleges in response to Paragraph 48 of Plaintiff's Complaint.

20.     Defendant denies the allegations contained in Paragraph's 49 through 52 of Plaintiffs Complaint.

21.     Defendant re-alleges in response to Paragraph 53 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in Paragraph 54 through 58 of Plaintiffs Complaint.

23.     Defendant re-alleges in response to Paragraph 59 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in Paragraph's 60 through 63 of Plaintiffs Complaint.

## FIRST AFFIRMATIVE DEFENSE

25.     To the extent this Defendant is found negligent to any degree or extent, the doctrine of comparative fault must be applied.

## SECOND AFFIRMATIVE DEFENSE

26.     Plaintiffs injuries are limited by any failure to mitigate.

## THIRD AFFIRMATIVE DEFENSE

27.     Plaintiffs claims are barred by misuse of the product.

## FOURTH AFFIRMATIVE DEFENSE

28.     Plaintiffs injuries, if any, were the result of intervening cause.

## FIFTH AFFIRMATIVE DEFENSE

29.     Plaintiffs claims fail to state a cause of action upon which relief may be obtained.

WHEREFORE, Defendant Epoch Everlasting Play LLC respectfully request this Court to enter an Order dismissing the Plaintiffs Complaint, with prejudice, for costs, and such further or other relief as the Court may deem just.

A jury is demanded herein for all facts so triable.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH

BY:     */s/Gregory L. Biehler*
Gregory L. Biehler
*Attorneys for Defendant Epoch Everlasting Play LLC*
8801 Horizon Blvd NE, Suite 300
Albuquerque, NM 87113
(505) 828-3600
Greg.Biehler@lewisbrisbois.com

I hereby certify that the foregoing was e-filed by the Court's e-filing CMECF system and a true and correct copy of the foregoing was delivered electronically to this 17th day of October, 2019.

John F. (Jack) Walker III
Reid WM Martin
Martin Walker, P.C.
jwalker@martinwalkerlaw.com
rmartin@martinwalkerlaw.com

5

Justin R. Kaufman
Rosalind B. Bienvenu
Bienvenu
Durham, Pittard & Spalding, L.L.P.
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com

Jeremy K. Harrison
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
jkh@modrall.com
kdp@modrall.com


Jeffrey M. Croasdell
Rodey, Dickason, Sloan, Akin & Robb, P.A.
jcroasdell@rodey.com


*/s/Gregory L. Biehler*
Gregory L. Biehler